

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

October 6, 1975

Overruled By JM-399

The Honorable Jackie W. St. Clair
Commissioner, Texas Department of
   Labor and Standards
Box 12157, Capitol Station
Austin, Texas 78711

Opinion No. H-708

Re: Who is required to be
licensed as an auctioneer.

Dear Commissioner St. Clair:

You have requested our opinion concerning several questions which pertain to the recently enacted Auctioneer Regulatory Act. Acts 1975, 64th Leg., ch. 320, p. 827 (codified as V.T.C.S. art. 8700). Specifically you ask whether an auctioneering corporation must be licensed under the Act, and if so, whether employees, directors, officers, and owners of such corporations must also be licensed. In addition, you ask whether the license fee may be prorated.

The Act provides in part:

> Sec. 1.B. 'Person' means an individual, partnership, company, corporation, association, or other group, however organized.
>
> . . .
>
> Sec. 1.D. 'Auctioneer' means any person who, for another, with or without receiving or collecting a fee, commission, or other valuable consideration, sells or offers to sell property at auction.
>
> . . .
>
> Sec. 11. (a) Whoever acts as an auctioneer as defined in this Act without first obtaining a license commits a Class B misdemeanor.

Thus, the Act includes corporations within the term auctioneer and requires a license of such organizations. In our opinion, a corporation which engages in the

business of auctioneering must obtain a license under the Act.

However, we can discern no intention on the part of the Legislature to require licensing of employees, directors, officers, or owners of a licensee corporation. We note that article 4413 (29bb), V. T. C. S. , the Private Investigators and Private Security Agencies Act, would also permit the licensing of corporations and clearly would not require a formal license of its employees. See section 33 of article 4413 (29bb), regarding registration of employees. In the absence of statutory language to the contrary in article 8700, we do not believe the Legislature intended to require duplicative licenses for a corporation and its employees. In our opinion the license of the corporation inures to the benefit of those actually engaged in auctioneering, just as their conduct as well as that of other employees may form the basis for a denial, suspension, or revocation of the corporation's license. V. T. C. S. art. 8700, sec. 7.

Your second question is whether license fees may be prorated if issued for less than a year. Section 4 of article 8700 provides in part:

> (a) The annual fee for each auctioneer's license issued by the commissioner to a resident of this state is $100. The annual fee for each auctioneer's license issued by the commissioner to a nonresident is $300. The commissioner shall issue the license upon receipt of payment of all license fees. All licenses expire annually on the last day of December of each year and shall be renewed upon the receipt of the written request of the licensee and the required license fee. . . .

In Attorney General Opinions M-580 (1970) and M-1107 (1972) this Office ruled that the lack of any language providing for proration of license fees indicated that such fees could not be prorated. However, the statutes involved contained mandatory language as to the amount to be paid and did not use the term "annual fee. " We believe the use of that term in section 4 requires proration in this instance. Unlike the provisions involved in these prior opinions, section 4 does not require the payment of a certain sum with each application; rather, an annual rate is provided. Thus, where the license is issued for a duration of less than one year, proration would in our view be appropriate.

## SUMMARY

A corporation engaged in auctioneering must obtain a license under article 8700, V. T. C. S. Employees, owners, directors, and officers of a licensee corporation are not required to obtain a license so long as their auctioneering activities are on behalf of the corporation. Auctioneer license fees should be prorated.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: